No. 61,281

DEBORAH SCHALLENBERGER, *Appellant*, v. GLORIA I. RUDD, Appellee.

(767 P.2d 841)

Opinion filed January 20, 1989.

*William M. Modrcin,* of Morris & Larson, P.C., of Overland Park, argued the

cause and *Dallas D. Hainline,* of the same firm, was with him on the brief for appellant.

*Douglas M. Greenwald,* of McAnany, Van Cleave & Phillips, P.A., of Kansas City, argued the cause and *Clifford T. Mueller,* of the same firm, was with him on the brief for appellee.

The opinion of the court was delivered by

HERD, J.: This is a personal injury case arising out of a bicycle-automobile collision. Deborah Schallenberger appeals the Court of Appeals' affirmance of the district court's judgment for Gloria Rudd.

The facts from which this controversy arose are as follows. Schallenberger was injured when she was struck by a car as she was riding a bicycle. She testified she was proceeding west on a sidewalk on the south side of 87th Street in Lenexa when she came to the Lackman Road intersection. She stopped at a red light. When it turned green, she observed a car driven by Rudd to her left which was northbound on Lackman Road. The car slowed as if to stop, and Schallenberger proceeded to cross the intersection on the crosswalk. Rudd, who was looking west for eastbound traffic on 87th Street, then accelerated and turned right on the red light, hitting Schallenberger on her bicycle and causing her serious injury.

Gloria Rudd testified she was making a proper right turn on a red light when Schallenberger sped in front of her. She testified Schallenberger was not riding on the sidewalk, but was cycling westward against the traffic in the furthest lefthand lane of 87th Street. Since Rudd acknowledged she did not look to her right, she was dependent upon evidence from an accident reconstruction expert to present her version of the facts.

Schallenberger testified she had previously walked in the area and was aware of the heavy traffic on 87th Street. She knew there was no shoulder, path, or sidewalk on the north (right) side of the street usable for bicycles. She also knew a sidewalk ran adjacent to 87th Street on the south side with sloping ramps at intersections which would allow her to ride along the sidewalk without dismounting. She therefore took this path as the safest.

The jury found both parties to be 50% at fault and the district court thus awarded judgment to Rudd pursuant to K.S.A. 1987 Supp. 60-258a. The Court of Appeals affirmed. We granted review.

The issue in this case is whether people are prohibited from riding bicycles on sidewalks in Kansas. Schallenberger claims the trial court erred in refusing to give her proposed jury instructions, which were patterned after traffic statutes. Proposed instruction number 9(a) defines a "vehicle" and proposed instruction number 17, which is PIK Civ. 2d 8.71A(c), instructs that bicyclists are required to use bicycle paths when provided. These instructions will be discussed in detail later.

First, let us review the law relevant to this case regarding jury instructions. In a case involving a vehicle, the trial court has a duty to instruct the jury on the applicable traffic statutes. *Wegley v. Funk*, 201 Kan. 719, 723, 443 P.2d 323 (1968). A party is entitled to an instruction explaining his theory of the case where there is evidence to support it. *McGraw v. Sanders Co. Plumbing & Heating, Inc.*, 233 Kan. 766, 771, 667 P.2d 289 (1983). However, refusing to give an instruction is not error when its substance is adequately covered in other instructions. *Black v. Don Schmid Motor, Inc.*, 232 Kan. 458, 474, 657 P.2d 517 (1983). A court should not by its instructions unduly emphasize one aspect of a case. *Timsah v. General Motors Corp.*, 225 Kan. 305, 315, 591 P.2d 154 (1979).

The trial court instructed the jury pursuant to the following statutes: K.S.A. 8-1587, which provides that every person riding a bicycle upon a roadway is subject to the duties applicable to the driver of a vehicle; K.S.A. 8-1575, which provides that no person shall drive any vehicle upon a sidewalk; and K.S.A. 8-1590(a), which provides that every person operating a bicycle upon a roadway shall ride as near to the right side of the roadway as practicable.

The court thus treated the bicycle as a vehicle and rendered its use on a sidewalk, as well as its use on the street against the flow of vehicular traffic, illegal. Hence, the jury was instructed that Schallenberger was in the wrong whether she was on the sidewalk, as she contends, or on the left side of the street, as Rudd contends. This was error as it mandated the jury to find Schallenberger at fault.

Schallenberger, in her enthusiasm to legitimize her riding on the sidewalk, first incorrectly argues K.S.A. 8-1590(c) is applicable. It provides: "Wherever a usable path for bicycles has been provided adjacent to a roadway, bicycle riders shall use such

path and shall not use the roadway." Schallenberger argues a sidewalk is such a "usable path" and justifies the giving of PIK Civ. 2d 8.71A(c), her proposed instruction 17, which follows K.S.A. 8-1590(c). The trial court correctly found that a sidewalk is not a "usable path" for bicycles mandated by K.S.A. 8-1590(c). Instead, it found the legislature intended mandatory bicycle use of only those paths set aside for the exclusive use of bicycles. The district court did not err in refusing to give Schallenberger's proposed instruction number 17.

Schallenberger also requested the court to give proposed jury instruction number 9a pursuant to K.S.A. 8-1485. This statute defines a vehicle as "every device in, upon or by which any person or property is or may be transported or drawn upon a highway, except devices moved by *human power* . . . ." (Emphasis supplied.) This instruction was requested because of the court's instruction on K.S.A. 8-1575, which provides that "[n]o person shall drive any vehicle upon a sidewalk or sidewalk area." The requested instruction would have informed the jury that K.S.A. 8-1575 does not prohibit a person from operating a bicycle on a sidewalk since a bicycle is not a vehicle.

Rudd argues that K.S.A. 8-1465 controls in its definition of "sidewalk" as "that portion of a street between the curb lines, or the lateral lines of a roadway, and the adjacent property lines *intended for use by pedestrians*." (Emphasis supplied.) A "pedestrian" is defined as "any person afoot." K.S.A. 8-1446. Rudd concludes that it is thus clear the legislature intended to *prohibit* bicyclists from using the sidewalks.

Nationwide, only a few states prohibit bicycles on the sidewalk, usually in commercial areas. Kansas does not specifically prohibit bicycles on the sidewalk. Restrictions are left to city regulation. Lenexa has no ordinance which prohibits bicyclists on sidewalks.

K.S.A. 8-1575 obviously does not apply to bicycles, as it prohibits any person from *driving* a *vehicle* on a sidewalk, and a bicycle is not a vehicle. See K.S.A. 8-1405 and 8-1485. The court found the statute applied to Schallenberger, however, through the operation of K.S.A. 8-1587, which provides that every person riding a bicycle is subject to all the duties of a driver of a vehicle. This rule applies only to persons riding a bicycle on a roadway. However, according to Schallenberger's theory, she was not on

the roadway. Roadway is defined as the improved portion of the highway used for vehicular travel. K.S.A. 8-1459. Thus, we see the specific statutes applying vehicular rules to bicycles do so only when the bicyclist is using the roadway.

The Kansas act regulating vehicles, bicycles, and pedestrians is patterned after the Uniform Vehicle Code. The drafters of the Uniform Code recognized those sections adopted as K.S.A. 8-1575 and 8-1587 could be interpreted as prohibiting the use of bicycles on sidewalks. It therefore revised the section adopted as K.S.A. 8-1575 to read "No person shall drive any vehicle *other than by human power* upon a sidewalk." The drafters of the Uniform Code noted the section was revised "to make perfectly clear that it does not, and was never intended to, apply to bicycles and other devices moved solely by human power." Traffic Laws Annot., § 11-1103 historical note (1979).

The legislature has not yet adopted this revision which more clearly states the Uniform Code's intended purpose. In spite of the legislature's failure to clarify Kansas' version of the Uniform Act, we think it clear it did not intend to prohibit bicycles and other devices moved by human power from being used on sidewalks. To do otherwise would produce an undesirable result. It would prevent little children from riding their bicycles on the sidewalks in front of their homes. Further, were we to accept Rudd's argument that sidewalks are solely for pedestrians, as defined by K.S.A. 8-1446, by reason of K.S.A. 8-1465, then not only are bicycles prohibited on sidewalks, but tricycles, skateboards, baby carriages, toy wagons, and wheelchairs would be barred. We hold that, in the absence of a specific statutory prohibition, bicycles, skateboards, tricycles, wheelchairs, baby carriages, toy wagons, and other human-powered conveyances may legally be used on the sidewalks with pedestrians.

This brings us to the final issue, which pertains to the right-of-way in an intersection with traffic control signals. K.S.A. 1987 Supp. 8-1508(c)(1) provides that vehicular traffic facing a steady red light shall stop and remain stopped until an indication to proceed is shown. K.S.A. 1987 Supp. 8-1508(c)(2) provides for an exception to the effect that, unless specifically prohibited by sign, vehicular traffic may cautiously turn right on a steady red light after coming to a complete stop, but shall yield the right-of-way to pedestrians on the crosswalk and other traffic lawfully

using the intersection. We construe this section to mean users of bicycles, skateboards, tricycles, wheelchairs, baby carriages, toy wagons, and other human-powered conveyances using the sidewalk also may lawfully use the crosswalk with the same rights as pedestrians, to which a vehicle turning right on a red light after a complete stop must yield the right-of-way.

The jury should have been instructed that, if Schallenberger was riding on the sidewalk, which she could legally do, she had the right-of-way in using the crosswalk. If the jury believed Schallenberger was riding in the roadway in the wrong traffic lane, she was in violation of the vehicular traffic regulations and Rudd had the right-of-way if she stopped at the red light. If the jury finds Schallenberger was in the roadway but Rudd failed to stop at the light, the parties are in pari delicto. In any case, causation of the accident and the resulting injury remains an additional jury question.

The judgments of the Court of Appeals and trial court are reversed and this case is remanded for a new trial.

SIX, J., not participating.