2006 WY 85

**Cody NISH, Appellant (Plaintiff),**

v.

**Charles SCHAEFER, Appellee (Defendant).**

No. 05–221.

Supreme Court of Wyoming.

July 18, 2006.

Representing Appellant: Robert E. Schroth of Schroth & Schroth, LLC, Jackson, Wyoming.

Representing Appellee: George Santini of Ross & Santini, Cheyenne, Wyoming.

Before VOIGT, C.J., and GOLDEN, HILL *, KITE, and BURKE, JJ.

KITE, Justice.

[¶ 1] Cody Nish was injured when the bicycle he was riding collided with Charles Schaefer's van at an intersection in Jackson. Mr. Nish filed suit against Mr. Schaefer seeking damages for his injuries, and Mr. Schaefer counterclaimed for the damages to his van. A jury returned a verdict in favor of Mr. Schaefer, finding Mr. Nish 100% at fault for the accident. The district court entered

* Chief Justice at time of expedited conference.

a judgment on the jury's verdict and granted Mr. Schaefer's specific requests for costs. On appeal, Mr. Nish claims the district court committed reversible error in instructing the jury and improperly ordering him to pay certain costs to Mr. Schaefer. We conclude the district court's jury instruction concerning the relative rights and responsibilities of the parties was erroneous. However, Mr. Nish failed to present a proper instruction on the law to the district court and failed to designate an adequate record showing, under the plain error standard, he was prejudiced by the instruction. Moreover, we refuse to consider Mr. Nish's allegation the district court erred by awarding certain costs to Mr. Schaefer because Mr. Nish's separate appeal of the district court's order awarding costs was dismissed for want of prosecution. Affirmed.

## ISSUES

[¶ 2] Mr. Nish articulates the following issues on appeal:

1. Did the trial court [err] by incorrectly instructing the jury that the Appellant was [illegally] in the crosswalk[?]

2. Was it error for the trial court to prohibit Plaintiff's counsel from telling the jury that Mr. Nish was legally within the crosswalk at the time of his accident, when he struck Defendant's vehicle[?]

3. Did the trial court abuse its discretion by awarding costs for lodging and meals during trial, Defendant's airfare to attend a deposition he never attended, mileage to and from the trial, and enlarged exhibits[?]

Mr. Schaefer rephrases the issues as:

1. Can this Court rule upon the correctness of a jury instruction where Appellant has failed to include a transcript of the evidence as part of the record on appeal?

2. Assuming that instruction No. 20 was erroneous, can Appellant establish prejudice?

3. Was the jury correctly instructed with regard to the use of crosswalks by bicyclists?

4. Did the trial court abuse its discretion in [its] award of costs?

## FACTS

[¶ 3] The appellate record does not contain a transcript of the trial proceedings, other than the jury instruction conference and closing arguments. Thus, we take the explanation of the events precipitating this action from Jury Instruction No. 11:

This case involves an accident which occurred on August 7, 2002, at the corner of Buffalo Way road and U.S. 89 in Jackson, Wyoming. Plaintiff, Cody Nish, alleges that he was crossing Buffalo Way Road on his mountain bike in the crosswalk when the Defendant's van suddenly appeared in front of him, blocking the crosswalk, forcing him to stop suddenly. As a result, Nish was thrown over the handle bars of his mountain bike. Both he and the mountain bike struck Defendant Schaefer's blue Ford panel van in the driver's side door area. Nish contends that he has sustained injuries, including a fracture[d] left wrist, for which he seeks an award of damages including past and future medical expenses, past and future lost earning[s] and earning capacity, past and future pain and suffering, loss of enjoyment of life, disability and disfigurement.

Charles Schaefer contends that the accident occurred as a result of Cody Nish's erratic riding of his mountain bike and failing to maintain adequate control over his bike. Schaefer specifically contends that the cross walk was intended for pedestrians and that the accident occurred when Nish strayed from the crosswalk into the regular driving lane prior to striking his van. Schaefer stopped his van behind the crosswalk and was waiting for the light to turn before turning right onto U.S. 89. The accident occurred because Nish was riding his mountain bike too fast for traffic conditions and failed to maintain an adequate lookout. Schaefer also contends that Nish was negligent in the manner in which he attempted to stop his mountain bike resulting in Nish being thrown over the handlebars into Schaefer's van.

Finally, Schaefer contends that Nish caused damages to his van having a reasonable value of $899.90. Schaefer con-

tends that Nish should pay for those damages.

These are just the contentions of the parties. Whether those contentions are correct are for you to determine based upon the evidence presented to you and the law upon which I will instruct you.

[¶ 4] Answering the special interrogatories in the verdict form, the jury found Mr. Schaefer was not negligent, Mr. Nish was negligent, Mr. Nish's negligence was the cause of the damages, Mr. Nish was 100% at fault in the accident, and Mr. Schaefer suffered damages in the amount of $899.90. The district court entered a judgment on the jury's verdict and awarded costs to Mr. Schaefer. Mr. Nish filed a notice of appeal from the judgment on the jury's verdict, and Mr. Schaefer submitted a certified statement of costs pursuant to Uniform Rule for District Courts 501, and a motion for costs pursuant to W.R.C.P. 68 because Mr. Nish had rejected a pre-trial offer of judgment. Despite Mr. Nish's objection to Mr. Schaefer's request for costs, the district court entered an order awarding the costs. Mr. Nish filed a second notice of appeal from the district court's award of costs.

## STANDARD OF REVIEW

[¶ 5] Our review of claimed error in jury instructions is controlled by W.R.C.P. 51(b), which provides as follows:

(b) *Further instructions; objections.—* At the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests. The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury. Before the argument of the case to the jury has begun, the court shall give to the jury such instructions on the law as may be necessary.... No party may assign as error the giving or the failure to give an instruction unless that party objects thereto before the jury retires to consider its verdict, stating distinctly the matter objected to and the grounds of the objection.

*See Cathcart v. State Farm Mut. Auto. Ins. Co.*, 2005 WY 154, ¶ 13, 123 P.3d 579, 586 (Wyo.2005); *Landsiedel v. Buffalo Properties, LLC*, 2005 WY 61, ¶ 5, 112 P.3d 610, 612 (Wyo.2005). When a party does not submit a proper instruction to the trial court, he waives any error in the instructions given and is not entitled to reversal on appeal unless he can show plain error. *Triton Coal Co. v. Mobil Coal Prod., Inc.*, 800 P.2d 505, 511 (Wyo.1990); *Landsiedel*, ¶ 13, 112 P.3d at 614.

[¶ 6] The district court's award of costs is reviewed under an abuse of discretion standard. *Snyder v. Lovercheck*, 992 P.2d 1079, 1084 (Wyo.1999). "A court abuses its discretion only when it acts in a manner which exceeds the bounds of reason under the circumstances. The burden is placed upon the party who is attacking the trial court's ruling to establish an abuse of discretion, and the ultimate issue is whether the court could reasonably conclude as it did." *Snyder*, 992 P.2d at 1084, quoting *Johnston v. Stephenson*, 938 P.2d 861, 862 (Wyo.1997).

## DISCUSSION

### A. *Jury Instructions*

[¶ 7] Mr. Nish claims the district court erred in instructing the jury on the applicable law. He also claims the instructional error was exacerbated by Mr. Schaefer's closing argument and the district court's rulings on the parties' objections during closing arguments. Specifically, Mr. Nish argues Instruction No. 20 incorrectly inferred it was unlawful for him to ride his bicycle in the crosswalk and improperly omitted a statement, pursuant to Wyo. Stat. Ann. § 31–5–403(a)(iii)(C) (LexisNexis 2005), telling the jury that a vehicle facing a red light must yield the right of way to a bicyclist in a crosswalk. Instruction No. 20 stated:

You are instructed that at the time of the event in question, the statutes of the State of Wyoming stated as follows:

Every person riding a bicycle has all the rights and all the duties applicable to the driver of any vehicle under the Wyoming Traffic Code except as to those provisions

which by their nature can have no application. (§ 31–5–702).

Pedestrians have the right of way in crosswalks and drivers of vehicles are required to yield the right of way to pedestrians by slowing down or stopping as needed to yield to any pedestrian within or entering a crosswalk at either edge of the roadway. Bicyclists are not treated as pedestrians for purposes of Wyoming law and are instead treated as any other operators of vehicles. (§ 31–5–102(a)(iii) & (xxlviii) & (lviii); § 31–5–602; and § 31–5–702(sic)).

No person shall drive a vehicle on the highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. Consistent with the foregoing, every person shall drive at a safe and appropriate speed when approaching and crossing an intersection and when special hazards exist with respect to pedestrians or other traffic or by reasons of weather or highway conditions. (§ 31–5–301(a))

Except when necessary to avoid conflict with other traffic or in compliance with law or the directions of a police officer or traffic-control device, no person shall stop, stand or park a vehicle on a crosswalk. (§ 31–5–504(a)(i)(D))

Vehicular traffic having a red light must stop at a clearly marked stop line, but if none, at a clearly marked crosswalk. (§ 31–5–403(a)(iii)(A))

[¶ 8] In order to determine whether the instructions properly advised the jury of the law, we must interpret the relevant statutes dealing with the rights and obligations of bicyclists and drivers of motor vehicles. Our rules of statutory interpretation are well known:

We first decide whether the statute is clear or ambiguous. This Court makes that determination as a matter of law. "A statute is unambiguous if its wording is such that reasonable persons are able to agree as to its meaning with consistency and predictability." A "statute is ambiguous only if it is found to be vague or uncertain and subject to varying interpretations."

*Powder River Coal Co. v. State Bd. of Equalization,* 2002 WY 5, ¶ 6, 38 P.3d 423, 426 (Wyo.2002) (citations omitted). When interpreting statutes, we give effect to every word, clause and sentence, and construe them in *pari materia. Pedro/Aspen, Ltd. v. Bd. of County Comm'rs,* 2004 WY 84, ¶ 27, 94 P.3d 412, 420 (Wyo.2004). When a statute is clear and unambiguous, we apply the plain language of the statute. *Kunkle v. State ex rel. Wyo. Workers' Safety and Comp. Div.,* 2005 WY 49, ¶ 11, 109 P.3d 887, 889–90 (Wyo. 2005).

[¶ 9] There are numerous statutes defining the relative duties of drivers and bicyclists which apply to this case. The relevant statutes are found in the Uniform Act Regulating Traffic on Highways, Wyo. Stat. Ann. §§ 31–5–101 through 31–5–1601 (LexisNexis 2005). To start with the basics, § 31–5–102(a) defines the following terms:

§ 31–5–102. Definitions

(a) Except as otherwise provided, as used in this act:

* * *

(iii) "Bicycle" means every vehicle propelled solely by human power upon which any person may ride, having two (2) tandem wheels except scooters and similar devices;

* * *

(viii) "Crosswalk" means:

(A) That part of a roadway at an intersection included within the connections of the lateral lines of the sidewalks on opposite sides of the highway measured from the curbs or, in the absence of curbs, from the edges of the traversable roadway, and in the absence of a sidewalk on one (1) side of the roadway, that part of a roadway included within the extension of the lateral lines of the existing sidewalk at right angles to the centerline;

(B) Any portion of a roadway at an intersection or elsewhere distinctly indicated for pedestrian crossing by lines or other markings on the surface.

* * *

(xxviii) "Pedestrian" means any person afoot;

* * *

(xxxix) "Right-of-way" means the right of one (1) vehicle or pedestrian to proceed in a lawful manner in preference to another vehicle or pedestrian approaching under such circumstances of direction, speed and proximity as to give rise to danger of collision unless one grants precedence to the other;

\* \* \*

(xliv) "Sidewalk" means that portion of a street between curb lines, or the lateral lines of a roadway, and the adjacent property lines, intended for use of pedestrians;

[¶ 10] Bicyclists are subject to specific laws in Wyoming. Section 31–5–702 states: "Every person propelling a vehicle by human power or riding a bicycle has all of the rights and all of the duties applicable to the driver of any vehicle under this act, except as to special regulations in this act and except as to those provisions which by their nature can have no application." Section 31–5–120 pertains to sidewalks and reads as follows:

No person shall drive any vehicle except motorized wheelchairs other than by human power upon a sidewalk or sidewalk area except upon a permanent or duly authorized temporary driveway.

[¶ 11] When an intersection is controlled by traffic signal lights, the following law applies to vehicles facing a red light:

\* \* \*

(iii) Steady red indication:

(A) Vehicular traffic facing a steady circular red signal alone shall stop at a clearly marked stop line, but if none, before entering the crosswalk on the near side of the intersection or, if none, then before entering the intersection and shall remain standing until an indication to proceed is shown except as provided in subparagraph (C) of this paragraph;

\* \* \*

(C) Except when a sign is in place prohibiting a turn, vehicular traffic facing any steady red signal may cautiously enter the intersection to turn right, or to turn left from a one-way street into a one-way street after stopping as required by subparagraphs (A) and (B) of

this paragraph. The vehicular traffic shall yield the right-of-way to pedestrians lawfully within an adjacent crosswalk and to other traffic lawfully using the intersection;

Section 31–5–403(a). Section 31–5–504 specifically governs crosswalks and states:

(a) Except when necessary to avoid conflict with other traffic or in compliance with law or the directions of a police officer or traffic-control device, no person shall:

(i) Stop, stand or park a vehicle:

\* \* \*

(D) On a crosswalk[.]

Section 31–5–607 requires "every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian or any person propelling a human powered vehicle."

[¶ 12] Applying the plain language of the relevant statutes and construing the sections together, we conclude bicycles hold a special place in the law because they can be operated both on roadways and on sidewalks. Sections 31–5–702 and 31–5–120. When a bicyclist is riding in the roadway, he must generally obey the laws governing vehicles. Section 31–5–702. Unlike motorized vehicles, bicycles may also be ridden upon sidewalks because they are human-powered. Section 31–5–120. The Kansas Supreme Court explained the wisdom of allowing bicyclists to ride on sidewalks in *Schallenberger v. Rudd*, 244 Kan. 230, 767 P.2d 841, 844 (1989):

[W]e think it clear [the Kansas legislature] did not intend to prohibit bicycles and other devices moved by human power from being used on sidewalks. To do otherwise would produce an undesirable result. It would prevent little children from riding their bicycles on the sidewalks in front of their homes. Further, were we to accept Rudd's argument that sidewalks are solely for pedestrians, as defined by *K.S.A. 8–1446*, by reason of *K.S.A. 8–1465*, then not only are bicycles prohibited on sidewalks, but tricycles, skateboards, baby carriages, toy wagons, and wheelchairs would be barred. We hold that, in the absence of a specific statutory prohibition, bicycles, skateboards, tricycles, wheelchairs, baby

carriages, toy wagons, and other human-powered conveyances may legally be used on the sidewalks with pedestrians.

Logically, the right of a bicyclist to ride upon sidewalks with pedestrians extends to the use of a crosswalk when crossing an intersection. *Id.*

[¶ 13] Pursuant to §§ 31–5–403 and 31–5–504, if a bicyclist is lawfully within the crosswalk, a vehicle facing a red light must stop behind the crosswalk, yield the right-of-way to the bicycle, and may not make a right turn until the way is clear. The Kansas Supreme Court interpreted a Kansas statute comparable to § 31–5–403, as follows:

> *K.S.A.1987 Supp. 8–1508(c)(1)* provides that vehicular traffic facing a steady red light shall stop and remain stopped until an indication to proceed is shown. *K.S.A. 1987 Supp. 8–1508(c)(2)* provides for an exception to the effect that, unless specifically prohibited by sign, vehicular traffic may cautiously turn right on a steady red light after coming to a complete stop, but shall yield the right-of-way to pedestrians on the crosswalk and other traffic lawfully using the intersection. **We construe this section to mean users of bicycles, skateboards, tricycles, wheelchairs, baby carriages, toy wagons, and other human-powered conveyances using the sidewalk also may lawfully use the crosswalk with the same rights as pedestrians, to which a vehicle turning right on a red light after a complete stop must yield the right-of-way.**

*Schallenberger,* 767 P.2d at 844 (emphasis added). Other states have reached similar conclusions about the right of bicyclists to use sidewalks and crosswalks. *See, e.g., Luellman v. Ambroz,* 2 Neb.App. 855, 516 N.W.2d 627 (1994); *Pudmaroff v. Allen,* 138 Wash.2d 55, 977 P.2d 574 (1999); *Maxwell v. Gossett,* 126 Ariz. 98, 612 P.2d 1061 (1980).

[¶ 14] Returning to the case at bar, Mr. Nish argues Instruction No. 20 is erroneous and an incomplete statement of the relevant law because it implies a bicyclist may not use a crosswalk at an intersection and does not include the principles set forth in § 31–5–403(a)(iii)(C). Mr. Schaefer counters by pointing out the individual sections of the

instruction are consistent with Wyoming law. The district court instructed the jury that any person riding a bicycle has the rights and duties applicable to the driver of a vehicle. This statement is consistent with § 31–5–702. *See also, Blakeman v. Gopp,* 364 P.2d 986, 989 (Wyo.1961). The instruction continued by stating pedestrians have the right of way in crosswalks and drivers must yield to pedestrians. Again, this is a correct statement of the law. Section 31–5–403. The instruction also correctly recited the laws pertaining to Mr. Schaefer's duties to operate his vehicle in a safe manner, refrain from stopping or parking his vehicle on a crosswalk, and stop at the crosswalk for a red light. Sections 31–5–301(a), 31–5–504(a)(i)(D), and 31–5–403(a)(iii)(A).

[¶ 15] The district court, however, went awry when it stated that bicyclists are not treated as pedestrians under the law, suggesting bicyclists are always treated as other operators of vehicles. This statement implied to the jury that, because bicyclists are subject to the rules which apply to vehicles and not treated as pedestrians, they may not use a crosswalk. The district court's instruction suggested an overbroad interpretation of § 31–5–702's directive that bicycles are subject to the duties applicable to vehicles. The district court's interpretation did not give effect to § 31–5–120, which specifically states bicycles are allowed to use sidewalks. Construing §§ 31–5–702 and 31–5–120 to give effect to each, a bicyclist must follow the rules applicable to vehicles when riding on the roadway; however, since a bicyclist may also use sidewalks, he has the same rights as pedestrians to use crosswalks at intersections. Instruction No. 20 incorrectly implied Mr. Nish was not entitled to use the crosswalk.

[¶ 16] Furthermore, the instruction improperly excluded the law set out in § 31–5–403(a)(iii)(C), directing that "vehicular traffic shall yield the right-of-way to pedestrians lawfully within an adjacent crosswalk and to other traffic lawfully using the intersection." This statement of the law was necessary to inform the jury which party had the right of way at the intersection. The jury should have been instructed that Mr. Nish had the

right of way while in the crosswalk and Mr. Schaefer was obligated to yield to him before making a right-hand turn on a red light. As such, the district court did not properly instruct the jury on the law in this case. This ruling does not, however, end our analysis.

[¶ 17] Although Mr. Nish objected to Instruction No. 20 because it implied he was not entitled to use the crosswalk and did not include the law set forth in § 31-5-403(a)(iii)(C), the record on appeal does not include any specific instructions offered by Mr. Nish to correct the errors.[1] In addition, the record does not include any indication Mr. Nish referred the district court to § 31-5-120 or the cases from other jurisdictions which support the principle that bicyclists may use sidewalks and crosswalks.[2]

[¶ 18] As we explained in *Condict v. Whitehead, Zunker, Gage, Davidson & Shotwell, P.C.*, 743 P.2d 880, 885 (Wyo. 1987):

An objection to an instruction is not complete without a correct typewritten form being handed to the court for its use. Parties have not only the right but the duty to offer instructions. In the absence of submission of a proper written instruction, any claimed error is deemed to have been waived. *Texas Gulf Sulphur Company v. Robles*, Wyo., 511 P.2d 963 (1973). It is insufficient merely to state that the instruction is not complete or an accurate statement of the law. *Runnion v. Kitts*, Wyo., 531 P.2d 1307 (1975). See also *Logan v. Pacific Intermountain Express Company*, Wyo., 400 P.2d 488 (1965), and Rule 51, W.R.C.P.

In accordance with the holdings in *Condict* and *Triton Coal*, having failed to demonstrate he filed an appropriate instruction for the district court's consideration, Mr. Nish must show plain error in order for this Court to reverse the resulting judgment. The well-known elements of plain error are:

"(1) the record reflects clear[ly] and unequivocally the fact complained of; (2) the facts prove a transgression of a clear rule of law; (3) the error affects a substantial right of [appellant]; and (4) [appellant] has been materially prejudiced by that violation."

*Landsiedel*, ¶ 17, 112 P.3d at 615, quoting *Goggins v. Harwood*, 704 P.2d 1282, 1291 (Wyo.1985) (citation omitted).

[¶ 19] Although the first two elements can be satisfied by the record extant, Mr. Nish must also show material prejudice resulting from the incorrect jury instruction. *Landsiedel*, ¶ 17, 112 P.3d at 615. For an instructional error to warrant reversal, there must be a reasonable probability that, in absence of the error, the verdict would have been more favorable to the appellant. *Triton Coal*, 800 P.2d at 512; *Condict*, 743 P.2d at 885. "To measure the degree of prejudice, jury instructions are viewed in light of the entire trial, including the allegations of the complaint, conflict in the evidence on critical issues and the arguments of counsel." *McGuire v. Solis*, 2005 WY 129, ¶ 23, 120 P.3d 1020, 1026 (Wyo.2005), quoting *State Farm Mut. Auto. Ins. Co. v. Shrader*, 882 P.2d 813, 832 (Wyo.1994). In past decisions, we have applied a five-factor test to measure the prejudice resulting from an error. Those factors are:

---

1. The record contains Mr. Nish's proposed jury instructions numbers 1 through 23. Although the district court indicated, at the jury instruction conference, Mr. Nish had offered an instruction (plaintiff's proposed Instruction Number 33) which was a complete quotation of § 31-5-403(a)(iii), it is not included in the record on appeal. The only instruction addressing § 31-5-403 offered by Mr. Nish and included in the record on appeal is plaintiff's proposed Instruction No. 17. That instruction includes quotations of § 31-5-403(a)(iii)(A) and (B), but does not include the critical language of § 31-5-403(a)(iii)(C). At the instruction conference, the district court directed Mr. Nish to tender to the court any additional instructions he proposed but were refused, including an instruction setting out the language of § 31-5-403(a)(iii)(C). The district court indicated it would mark the proposed instructions as "refused" and include them in the court record. Despite the district court's express direction, the record on appeal does not include any additional instructions filed by Mr. Nish or marked "refused."

2. Interestingly, his argument on appeal indicates he still fails to realize the relevance of § 31-5-120 and the authorities from other states to his position.

(1) the extent to which there is conflict in the evidence on critical issues;

(2) whether or not the ... argument to the jury may have contributed to the instruction's misleading effect;

(3) whether or not the jury requested a re-reading of the erroneous instruction or of related evidence;

(4) the closeness of the jury's verdict; and

(5) the effect of other instructions in curing the error.

*Cathcart,* ¶ 49, 123 P.3d at 597 (Wyo.2005), quoting *Daley v. Wenzel,* 2001 WY 80, ¶ 30, 30 P.3d 547, 555 (Wyo.2001) (citations omitted).

[¶ 20] In an apparent effort to show prejudice from the instructional error, Mr. Nish argues the error was exacerbated by the closing arguments. In particular, he takes issue with a statement Mr. Schaefer's attorney made in his closing argument:

> Now, let's talk about what we do know and I want to talk a little bit about this discussion about the crosswalk. Well, take a look at Instruction Number 20, ladies and gentlemen. And Instruction Number 20 makes it clear that Mr. Nish is a vehicle, he has no more business using that crosswalk than a semi truck, no more business riding down the sidewalk than I would or you would. He is supposed to be in the street.

Mr. Nish also claims the district court improperly sustained Mr. Schaefer's objection to his argument that it was lawful for him to ride in the crosswalk.

[¶ 21] Mr. Nish's claim is germane to a determination of the second element of the *Daley* test—whether the parties' arguments contributed to the instruction's misleading effect. It is not, however, sufficient to show the level of prejudice necessary for reversal. The only portions of the trial transcript designated by Mr. Nish as the record on appeal were the jury instruction conference and the closing arguments. The lack of a full trial transcript makes it impossible to analyze the first and third elements of the *Daley* test because we cannot determine the extent of conflict in the evidence on the key issues or whether the jury requested a re-reading of

the erroneous instruction or related evidence. Thus, it is impossible for Mr. Nish to show there is a reasonable probability that, in absence of the instructional error, the verdict would have been more favorable to him. Mr. Nish had the responsibility to provide an adequate record to this Court to enable us to conduct our review. The failure to do so is fatal to his claim on appeal. *See, e.g., Meyer v. Rodabaugh,* 982 P.2d 1242, 1244, n. 1 (Wyo.1999).

**B.** *Appeal of Costs*

 [¶ 22] The district court entered a judgment on the jury's verdict, and ordered costs be awarded to Mr. Schaefer. Mr. Nish filed a notice of appeal from the judgment on the jury's verdict, which is the case at bar. Mr. Schaefer submitted a certified statement of costs, pursuant to Uniform Rule of District Court 501, and a Motion for Award of Costs, pursuant to W.R.C.P. 68, outlining the specific costs requested. Mr. Nish objected to Mr. Schaefer's requests, but the district court apparently was not convinced by those objections and entered an order awarding all of the specific costs requested by Mr. Schaefer. Thereafter, Mr. Nish filed a second notice of appeal, challenging the district court's award of costs. That appeal was docketed as Supreme Court No. 05–238. Mr. Nish did not file a brief in Case No. 05–238, and on November 22, 2005, this Court dismissed that case for want of prosecution. Undaunted by the dismissal of the costs appeal, Mr. Nish included an issue in his brief in this case contesting the award of costs. Mr. Schaefer claims the costs issue is not properly before this Court because Mr. Nish's costs appeal was dismissed for want of prosecution.

 [¶ 23] Pursuant to W.R.C.P. 58(c), a district court retains jurisdiction to determine a request for costs after a final judgment has been entered on the merits of the case. *Andersen v. Hernandez,* 2005 WY 142, ¶ 18, 122 P.3d 950, 954 (Wyo.2005). A pending motion for costs does not affect the finality of the judgment and does not stay the time for filing a notice of appeal from the judgment on the merits. W.R.A.P. 2.01, 2.02; *Anderson,* ¶ 16, 122 P.3d at 954–55. W.R.A.P. 2.01 requires an appeal to be filed

within thirty days from the entry of an appealable order, and W.R.A.P. 2.07 directs the appellant to identify the order appealed and attach a copy of the order to the notice of appeal. The notice of appeal effects an appeal of the order identified in the notice. *See* W.R.A.P. 2.01, 2.07.

[¶ 24] Our precedent reveals cases where we have considered, together, appeals from the judgment on the merits and a subsequent order on costs. *See, e.g., Winterholler v. Zolessi,* 989 P.2d 621 (Wyo.1999); *Schaub v. Wilson,* 969 P.2d 552 (Wyo.1998). However, those cases involved a consolidation, for consideration and decision, of the appeal on the merits with the appeal of the costs award. They did not involve a unilateral decision by the appellant to ignore the separate appeals. In *Centra, Inc. v. Chandler Ins. Co. Ltd,* 229 F.3d 1162, 2000 WL 1277672, *10, 2000 U.S.App. LEXIS 22609, pp. 34–36 (10th Cir. 2000), the Tenth Circuit Court of Appeals recognized the importance of a separate appeal of an order on costs entered after the judgment on the merits. Pursuant to Fed. R.App. P. 4(a)(1)(A), which is similar to W.R.A.P. 2.01, the Tenth Circuit ruled that, even though the judgment on the merits referenced costs by directing the parties to file motions for "attorneys' fees and costs," a separate appeal from the district court's actual determination of the parties' requests for costs was required. The appellant's failure to file a separate notice of appeal from the trial court's order on costs deprived the court of appeals of jurisdiction over the matter. *Id.* Since Case No. 05–221 does not include an appeal from the district court's order on costs, issues pertaining to that order cannot be raised in this appeal. We, therefore, decline to consider Mr. Nish's claims of error regarding the award of costs.

[¶ 25] Affirmed.

Before VOIGT, C.J., and GOLDEN, HILL *, KITE, and BURKE, JJ.

* Chief Justice at time of expedited conference.