**Larry E. DRISCOLL and Driscoll Lease Operations, Inc., a Kansas corporation, Petitioners,**

v.

**The DISTRICT COURT FOR the CITY AND COUNTY OF DENVER, State of Colorado, and The Honorable R. Michael Mullins, a Judge thereof, Respondents.**

No. 93SA314.

Supreme Court of Colorado,
En Banc.

March 21, 1994.

---

Holme Roberts & Owen LLC, Boyd N. Boland, Richard L. Gabriel, Denver, for petitioners.

Stan Walter, P.C., Stan Walter, Denver, for plaintiff Marmac Petroleum Co.

Justice VOLLACK delivered the Opinion of the Court.

In this original proceeding, petitioners Larry E. Driscoll and Driscoll Lease Operations, Inc. (jointly referred to as Driscoll) petition this court for relief in the nature of prohibition to prevent the respondent district court from conducting further pretrial and trial proceedings in the case of *Marmac Petroleum Co. v. Larry E. Driscoll and Driscoll Lease Operations, Inc.,* Case No. 91–CV–4887, District Court, City and County of Denver.

The underlying suit involves the purchase by the Marmac Petroleum Co. (Marmac) of several oil leases from Driscoll. Driscoll, the defendant in that case, was granted summary judgment on all issues. Marmac filed a motion requesting the district court to reconsider its summary judgment order. Because the district court did not rule on the motion for reconsideration within sixty days, the motion was deemed denied under C.R.C.P. 59(j). However, the district court continued to take actions in the case that indicated it intended to proceed to trial. Driscoll petitioned this court for relief prohibiting the district court from proceeding for lack of jurisdiction. We issued a rule to show cause why we should not grant Driscoll's petition, and now make the rule absolute.

I.

The district court granted Driscoll's motion for summary judgment on May 25, 1993. The district court's order disposed of all the claims between the parties. Driscoll then filed a motion for costs pursuant to section 13–17–202, 6A C.R.S. (1987). After being granted an extension of time, Marmac filed a motion for reconsideration of the summary judgment order on July 2, 1993. Driscoll responded with a motion to strike. The district court never ruled on Marmac's motion for reconsideration. On October 19, 1993, Marmac filed a Notice to Set Trial. Driscoll opposed this motion, asserting that the district court lacked jurisdiction to proceed. On October 29, 1993, the district court set the case for trial and on November 4, 1993, entered a pretrial order establishing trial procedures. Driscoll then filed this petition.

II.

Driscoll's petition requests that we prohibit the district court from conducting further

pretrial proceedings in this case and, ultimately, a trial.[1] Driscoll asserts that, because the summary judgment order represents a final judgment, and because Marmac's motion for reconsideration was denied under C.R.C.P. 59(j), the district court is acting outside the scope of its subject matter jurisdiction. We agree.

■ A judgment is final when it disposes of the entire litigation on the merits. *Mission Viejo Co. v. Willows Water Dist.*, 818 P.2d 254 (Colo.1991). A motion for costs does not stay the finality of a judgment. C.R.C.P. 58(a) ("Entry of the judgment shall not be delayed for the taxing of costs.").

■ Marmac claims that it interpreted the district court's summary judgment order as providing only partial summary judgment. Marmac relied on the sentence in the order that stated: "The remaining grounds asserted by Defendants for summary judgment are denied because there exist genuine issues of material fact unresolved." However, the record indicates that no further issues of material fact remained to be addressed. The summary judgment of May 25, 1993, disposed of all the issues except costs and attorney's fees. It is a final judgment.

■ A motion for reconsideration is governed under C.R.C.P. 59. *Campbell v. McGill*, 810 P.2d 199 (Colo.1991). C.R.C.P. 59(j) states, in part: "Any post-trial motion that has not been decided within the 60–day determination period shall, without further action by the court, be deemed denied for all purposes...." The automatic denial is mandatory. *Canton Oil Corp. v. District Court*, 731 P.2d 687 (Colo.1987). After a district court fails to rule on a post-judgment motion within sixty days, the judgment becomes final and the court loses jurisdiction. *Arguelles v. Ridgeway*, 827 P.2d 553 (Colo.App. 1991); *see also Canton Oil Corp.*, 731 P.2d 687.

By failing to rule on Marmac's motion for reconsideration within sixty days, the district court effectively denied the motion. After the sixty-day period expired on September 1, 1993, the judgment was final and the district court lacked jurisdiction to set the case for trial and issue pretrial orders. The actions of the district court after September 1, 1993, were outside of the court's jurisdiction and are void.

### III.

The summary judgment order of May 25, 1993, was a final judgment. By failing to act on Marmac's motion for reconsideration within sixty days, the district court denied the motion. After the sixty-day period expired, the district court lost jurisdiction.

The rule is made absolute.

1. We have jurisdiction under C.A.R. 21(a), which permits us to grant relief in the nature of prohibition "where the district court is proceeding without or in excess of its jurisdiction."