Mary HIERATH–PROUT,
Plaintiff–Appellant,

v.

Colin BRADLEY, Defendant–Appellee.

No. 98CA1575.

Colorado Court of Appeals,
Div. III.

May 13, 1999.

Gregson & Pixler, P.C., Ronald E. Gregson, Denver, Colorado, for Plaintiff–Appellant.

Miller & Harrison, LLC, Robert Bruce Miller, Joan Clifford, Boulder, Colorado, for Defendant–Appellee.

Opinion by Judge MARQUEZ.

Plaintiff, Mary Hierath–Prout, appeals the trial court's order awarding costs to defendant, Colin Bradley. We affirm.

Plaintiff brought this action claiming that defendant, a co-employee, assaulted and battered her. Defendant moved for summary judgment on the basis that plaintiff's exclusive remedy was pursuant to the Colorado Workers' Compensation Act, § 8–40–101, et seq., C.R.S.1998. The trial court granted defendant's motion.

Shortly thereafter, defendant timely filed a bill of costs seeking $4074.12. In response, plaintiff filed a motion seeking her own costs and challenged many of the costs sought by defendant. The trial court denied plaintiff's motion and awarded defendant the full amount he sought.

On appeal, plaintiff's sole contention is that the trial court was without jurisdiction to award costs to defendant because it failed to rule on defendant's request within the 60–day limitation period set forth in C.R.C.P. 59(j). We disagree.

C.R.C.P. 59(j) provides, in pertinent part, that:

> The court shall determine any post-trial motion within 60 days of the filing of the motion.... Any post-trial motion that has not been decided within the 60–day determination period shall, without further action by the court, be deemed denied for all purposes....

No appellate decision has directly addressed whether a request for costs is subject to C.R.C.P. 59(j). However, several decisions have determined that it is inapplicable to the recovery of attorney fees not sought as damages. *See Tallitsch v. Child Support*

*Services, Inc.,* 926 P.2d 143 (Colo.App.1996); *Roa v. Miller,* 784 P.2d 826 (Colo.App.1989).

In *Roa v. Miller, supra,* 784 P.2d at 830, a division of this court stated:

> Prior to the *Baldwin [v. Bright Mortgage Co.,* 757 P.2d 1072 (Colo.1988)] decision, this court had concluded that a post-trial motion for attorney fees was a motion to amend the judgment under C.R.C.P. 59. *Torrez v. Day,* 725 P.2d 1184 (Colo.App. 1986). However, since a pending motion for the award of fees for services rendered in connection with that litigation does not affect the finality of the judgment, the *Torrez* decision cannot withstand the *Baldwin* analysis. Rather, at least for this purpose, a post-trial motion for the award of fees is analogous to a request for taxing costs; it is not similar to a motion to amend the judgment.

A judgment is final when it disposes of the entire litigation on the merits. However, a motion for costs does not stay the finality of a judgment. *Driscoll v. District Court,* 870 P.2d 1250 (Colo.1994). C.R.C.P. 58(a) specifically provides that the "[e]ntry of the judgment shall not be delayed for the taxing of costs." Thus, as contemplated by that rule, a request for costs does not seek to amend the judgment entered by the court. *See Koontz v. Rosener,* 787 P.2d 192 (Colo.App.1989)(filing of notice of appeal of the merits judgments did not divest the trial court of its continuing jurisdiction to determine the issues posed by timely filed cost bills); *Roa v. Miller, supra; see also Buchanan v. Stanships, Inc.,* 485 U.S. 265, 108 S.Ct. 1130, 99 L.Ed.2d 289 (1988)(holding that a judgment on the merits is appealable prior to the trial court's disposition of the prevailing party's motion for costs).

Therefore, because a decision concerning a request for costs does not amend or otherwise affect the finality of the judgment on the merits, we conclude that such a request, like a request for attorney fees not sought as damages, is outside the purview of C.R.C.P. 59. *See Tallitsch v. Child Support Services, Inc., supra; Roa v. Miller, supra; Koontz v. Rosener, supra; see also Baldwin v. Bright Mortgage Co., supra.*

Plaintiff argues, however, that the supreme court in *Driscoll v. District Court, supra,* implicitly found that a motion for costs is subject to C.R.C.P. 59. However, in *Driscoll,* the court addressed only whether the trial court's summary judgment order was a final order and, thus, whether plaintiff's motion for reconsideration had been deemed denied pursuant to C.R.C.P. 59(j). The court did not address, as pertinent here, whether a motion for costs is subject to C.R.C.P. 59(j). Hence, we conclude that plaintiff's reliance on *Driscoll* is misplaced.

Therefore, because a request for costs is not subject to the 60–day limitation in C.R.C.P. 59(j), we conclude that the trial court had jurisdiction to consider defendant's bill of costs following the expiration of that period.

The order is affirmed.

Judge JONES and Judge ROY concur.