2005 WY 142

**Kathy A. ANDERSEN, as Personal Representative of the Estates of Jared Steffen, Decedent, and Robert Dean Yates, Decedent; and Jody McCampbell, Individually and as Conservator for Caleb Steffen, a Minor Child, Appellants (Plaintiffs),**

v.

**Maria Lopez HERNANDEZ, Appellee (Defendant).**

No. 05–25.

Supreme Court of Wyoming.

Nov. 16, 2005.

Representing Appellants: Stephen L. Simonton of Simonton & Simonton, Cody, Wyoming; and L.B. Cozzens of Cozzens, Warren & Harris, Billings, Montana.

Representing Appellee: Katherine Mead of Mead & Mead, Jackson, Wyoming.

Before HILL, C.J., and GOLDEN, KITE, VOIGT, and BURKE, JJ.

KITE, Justice.

[¶ 1] Following the district court's entry of judgment in her favor on a jury verdict, Maria Lopez Hernandez, the defendant, filed a request for an order awarding costs. More than 90 days later, the district court entered an order awarding her costs. Kathy A. An-

dersen, the plaintiff, filed a motion to vacate the order. Relying on this Court's ruling in *Paxton Resources, LLC v. Brannaman*, 2004 WY 93, 95 P.3d 796 (Wyo.2004), Ms. Andersen argued that the district court lacked subject matter jurisdiction to issue the order because, pursuant to W.R.C.P. 6(c)(2), the request for costs was deemed denied when no determination was made within 90 days of filing the request. The district court denied the motion to vacate, and Ms. Andersen appealed from the order of denial. We affirm.

## ISSUES

[¶ 2] Ms. Andersen presents the following issue for review:

> Is a post-judgment application for an order determining discretionary costs for the prevailing party following · entry of judgment exempt from the 90–day "deemed denied" rule of WRCP 6(c)(2)?

Ms. Hernandez states two issues:

I. Whether this appeal must be dismissed pursuant to W.R.A.P. 2.01 because it was not timely filed.

II. Whether the "deemed denied" rule applies to the taxation of costs awarded pursuant to W.R.C.P. 54 and U.R.D.C. 501.

## FACTS

[¶ 3] This case came before this Court previously in *Andersen v. Two Dot Ranch, Inc.*, 2002 WY 105, 49 P.3d 1011 (Wyo.2002). Following our decision in *Andersen*, the case was remanded to district court for trial. A jury found Ms. Hernandez was not at fault for a fatal collision involving a dead cow lying in the road. The district court entered a judgment on the jury verdict on December 15, 2003. Paragraph 2 of the order contained in the judgment stated: "That Defendant shall be awarded her costs of this action as determined by the Court."

[¶ 4] In accordance with the order awarding costs contained in the judgment, Ms. Hernandez filed a bill of costs on December 26, 2003, in which she itemized her costs and requested an order awarding costs. Ms. Andersen responded with an objection filed on January 9, 2004, in which she asked the district court to disallow a portion of the costs claimed by Ms. Hernandez. By order entered March 30, 2004, 95 days after Ms. Hernandez filed her bill of costs, the district court set the matter for hearing. On March 31, 2004, Ms. Andersen objected to the hearing. Citing W.R.C.P. 6(c)(2), she argued that the request for costs was deemed denied when no action was taken on it within 90 days after filing. The district court denied the objection and held the hearing. On May 17, 2004, the district court entered an order awarding Ms. Hernandez $4,298.40 in costs.

[¶ 5] On August 16, 2004, four days after this Court issued a decision in *Paxton*, Ms. Andersen filed a Rule 60(b)(4) motion asking the district court to vacate the order awarding costs. Ms. Andersen claimed the district court did not have subject matter jurisdiction to act on the request for costs once the 90–day deemed denied period passed. After a hearing, the district court denied the motion by order entered October 21, 2004. Ms. Andersen appeals the order denying her motion to vacate the order awarding costs.

## STANDARD OF REVIEW

[¶ 6] Ms. Andersen contends the district court lacked subject matter jurisdiction to enter an order awarding costs more than 90 days after the bill of costs was filed. We review questions of subject matter jurisdiction *de novo. Jauregui v. Memorial Hosp. of Sweetwater County*, 2005 WY 59, ¶ 4, 111 P.3d 914, 916 (Wyo.2005).

[¶ 7] To the extent the issue Ms. Andersen presents also requires interpretation of court rules, we apply the standards applicable to statutory review. *Paxton*, ¶ 16. Construction of rules is a question of law, so our standard of review is *de novo. BP America Production Co. v. Dep't of Revenue*, 2005 WY 60, ¶ 12, 112 P.3d 596, 602 (Wyo. 2005). We begin by giving the words their ordinary and obvious meaning according to their arrangement and connection. *Id.* We construe the rule as a whole, giving effect to every word, clause, and sentence, and we construe all parts *in pari materia.* We will not give a rule a meaning that will nullify its operation if it is susceptible of another inter-

pretation. We will not enlarge, stretch, expand, or extend a rule to matters that do not fall within its express provisions. *Id.,* ¶ 15. Only if we determine the language of a statute is ambiguous do we apply general principles of construction. If the language of the rule is not ambiguous, there is no room for further construction. *Id.*

## DISCUSSION

[¶ 8] Citing *Paxton,* Ms. Andersen contends the district court lacked subject matter jurisdiction to enter an order awarding costs more than 90 days after the request for the order was filed. In making this argument, Ms. Andersen asserts Ms. Hernandez's bill of costs was a "motion" as defined by W.R.C.P. 7(b)(1) and, therefore, was subject to the 90–day deemed denied rule found in W.R.C.P. 6(c)(2). Because more than 90 days passed before the district court held a hearing and entered an order on the bill of costs, Ms. Andersen contends the request was deemed denied. Therefore, she argues, the district court erred in denying her W.R.C.P. 60(b)(4) motion to vacate the order awarding costs.

[¶ 9] Ms. Hernandez asserts in response that Ms. Andersen's appeal must be dismissed because it was not timely filed. Specifically, she claims Ms. Andersen did not file a notice of appeal within 30 days of the December 15, 2003, judgment on the jury verdict, the final appealable order in this case. Ms. Hernandez contends the order from which Ms. Andersen appeals, the denial of her Rule 60(b)(4) motion to vacate, was not a final, appealable order. Ms. Hernandez asserts alternatively that the deemed denied rule does not apply to a bill of costs.

■ [¶ 10] We begin our discussion by rejecting Ms. Hernandez's contention that the order denying Ms. Andersen's W.R.C.P. 60(b) motion to vacate the order on bill of costs was not an appealable order. An order denying relief under W.R.C.P. 60(b) is appealable. *Dexter v. O'Neal,* 649 P.2d 680, 681 (Wyo.1982).

[¶ 11] We turn next to Ms. Andersen's assertion that the bill of costs Ms. Hernandez filed pursuant to paragraph 2 of the judgment on jury verdict constituted a motion

within the meaning of W.R.C.P. 7(b)(1), which states:

(b) *Motions and other papers.—*

(1) *An application to the court for an order shall be by motion* which, unless made during a hearing or trial, shall be made in writing, shall have a title which identifies the party serving the paper and briefly describes its contents, shall state with particularity the grounds therefor, and shall set forth the relief or order sought. The requirement of writing is fulfilled if the motion is stated in a written notice of the hearing of the motion. All motions filed pursuant to Rules 12 and 56 shall, and all other motions may, contain or be accompanied by a memorandum of points and authority.

(emphasis added). Ms. Andersen argues the bill of costs was "an application to the court for an order" awarding costs. Thus, she asserts, it was a motion to which W.R.C.P. 6(c)(2) applied. Rule 6(c)(2) provides:

(c) *Motions and motion practice.—*

\* \* \*

(2) A request for hearing may be served by the moving party or any party affected by the motion within 30 days after service of the motion. Absent a timely request for hearing the court may, in its discretion, determine the motion without a hearing. *A motion not determined within 90 days after filing shall be deemed denied.* A party whose motion has been deemed denied shall have 10 days after the effective date of such denial to serve such pleadings or other papers, if any, as may be required or permitted.

(emphasis added.) Pursuant to this rule, Ms. Andersen argues, the bill of costs was deemed denied before the district court's March 30th order setting the matter for hearing, leaving the district court without subject matter jurisdiction to decide the bill of costs.

■ [¶ 12] The question Ms. Andersen presents is a novel one. We have not previously considered whether a bill of costs filed pursuant to a prior judgment containing an award of costs constitutes a "motion" subject

to the deemed denied provision of Rule 6. Our research discloses only two jurisdictions that have considered whether a deemed denied provision applies automatically to foreclose judicial determination of pending matters concerning costs.

[¶ 13]    In *State v. Boyette*, —— S.W.3d ——, 2005 WL 914668, 2005 Ark. LEXIS 242 (April 21, 2005), the defendant filed a motion more than 30 days after entry of judgment for a reduction of costs he was ordered to pay in the judgment. The trial court held a hearing and entered an order granting the motion. The Arkansas Supreme Court reversed, holding that the trial court had no authority to act on the defendant's motion beyond the 30th day after judgment was entered. The Court relied on Ark.R.Crim.P. 33.3(b), providing that "all posttrial motions or applications for relief must be filed within thirty days after entry of judgment" and 33.3(c), providing that posttrial motions "shall be deemed denied as of the 30th day" after filing. *Id.*

[¶ 14]    In *Hierath–Prout v. Bradley*, 982 P.2d 329 (Colo.Ct.App.1999), however, the court applied the Colorado Rules of Civil Procedure to reach the opposite result. Following entry of summary judgment in his favor, the defendant filed a bill of costs. In response, the plaintiff filed a motion seeking her own costs and challenging the defendant's bill of costs. The trial court denied the plaintiff's motion and awarded the defendant the full amount he sought. The plaintiff appealed, claiming the trial court lacked jurisdiction to award costs to the defendant because it did not rule on the bill of costs within 60 days as required by C.R.C.P. 59(j), which provided:

> The court shall determine any post-trial motion within 60 days of the filing of the motion.  .... Any post-trial motion that has not been decided within the 60–day determination period shall, without further action by the court, be deemed denied for all purposes....

The court of appeals held that a request for costs was not subject to the 60–day limitation in C.R.C.P. 59(j). In reaching this result, the court found it important that rulings on requests for costs, unlike rulings on other post-

trial motions, do not affect the finality of the judgment on the merits. The court said:

> A judgment is final when it disposes of the entire litigation on the merits. However, a motion for costs does not stay the finality of a judgment. C.R.C.P. 58(a) specifically provides that the "entry of the judgment shall not be delayed for the taxing of costs." Thus, as contemplated by that rule, a request for costs does not seek to amend the judgment entered by the court. See *Koontz v. Rosener*, 787 P.2d 192 (Colo.App.1989) (filing of notice of appeal [on the judgment on the merits] did not divest the trial court of its continuing jurisdiction to determine the issues posed by timely filed cost bills); *Roa v. Miller*, 784 P.2d 826 (Colo. Ct.App.1989); see also *Buchanan v. Stanships, Inc.* 485 U.S. 265, 108 S.Ct. 1130, 99 L.Ed.2d 289 (1988) (holding that a judgment on the merits is appealable prior to the trial court's disposition of the prevailing party's motion for costs).

*Hierath–Prout*, 982 P.2d at 330.

[¶ 15]    The courts in *Boyette* and *Hierath–Prout* were not addressing rules containing language like that found in W.R.C.P. 6(c)(2). *Boyette* concerned a rule of criminal procedure directed at "all posttrial motions or applications for relief." *Hierath–Prout* concerned C.R.C.P. 59(j), a subsection of Rule 59 governing new trials and amendment of judgments in civil cases that Wyoming does not have. Despite the differences, we find the reasoning invoked by the Colorado court compelling.

[¶ 16]    Under the Wyoming Rules of Civil Procedure, like the Colorado rules, a judgment becomes final when it is signed by the judge and filed in the office of the clerk of court. W.R.C.P. 58(c). Under our rules, the finality of a judgment is not affected by a request for taxation of costs. W.R.C.P. 58(c) provides:

> (c) *Time of entry.—A judgment or final order shall be deemed to be entered whenever a form of such judgment or final order, signed by the trial judge, is filed in the office of the clerk of the court* in which the case is pending. *Entry of the judgment shall not be delayed, nor the time for*

*appeal extended, in order to tax costs* or award fees, except that, when a timely motion for attorney's fees is made under Rule 54(b)(2), the court, before the appellate court acquires jurisdiction, may order that the motion have the same effect on the time for appeal for all parties as a timely motion under Rule 59.

(emphasis added). Pursuant to this provision, the judgment in Ms. Andersen's case, including the provision ordering the award of costs, became final on December 15, 2003. The subsequent bill of costs and order on bill of costs had no effect on the finality of the judgment. Because the bill of costs did not stay the finality of the judgment, we conclude it did not come within the purview of W.R.C.P 6(c)(2).

[¶ 17] Ms. Andersen cites *Paxton* in support of her argument that Ms. Hernandez's bill of costs was deemed denied by virtue of W.R.C.P. 6(c)(2). *Paxton* was an appeal from a judgment entered on a jury verdict and an order denying motions for judgment as a matter of law, new trial and remittitur. In *Paxton*, the trial court set the post-trial motions for hearing before expiration of the 90–day deemed denied period found in W.R.C.P. 6(c)(2) but held the hearing and entered an order denying the motions after expiration of the 90 days. The notice of appeal was filed 30 days after entry of the order denying the motions. The issue was whether the notice of appeal was timely filed under W.R.A.P. 2.02, which provides in pertinent part:

(a) The running of the time for appeal in a civil case is tolled as to all parties by the timely filing of a motion for judgment under Rule 50(b), Wyo. R. Civ. P.; a motion to amend or make additional findings of fact under Rule 52(b), Wyo. R. Civ. P., . . .; a motion to alter or amend the judgment under rule 59, Wyo. R. Civ. P., or a motion for new trial under Rule 59, Wyo. R. Civ. P.

(b) The full time for appeal commences to run and is to be computed from the entry of any order granting or denying a motion for judgment; a motion to amend or make additional findings of fact; or a motion to alter or amend the judgment, or

denying a motion for a new trial. If no order is entered, the full time for appeal commences to run when any such motion is deemed denied.

*Paxton,* ¶ 4. Reading this rule together with W.R.C.P. 6(c)(2), we held the notice of appeal was not timely filed because the time for appeal began to run on the date the Rule 50(b) and Rule 59 motions were deemed denied, rather than the date the order ruling on those motions was entered. We said:

The whole point of a "deemed denied" provision is that the judgment *automatically* becomes final and appealable upon passage of the specified period. Therefore, an appeal that is not filed within thirty days after the post-trial motions are deemed denied is untimely. In the present case, the motions were deemed denied before the district court heard and purported to determine them. The judgment had become final and appealable at the time the motions were deemed denied and the district court no longer had jurisdiction to determine the motions.

*Paxton,* ¶ 18.

[¶ 18] The fallacy in Ms. Andersen's attempt to apply *Paxton* to the order awarding costs in her case is that *Paxton* involved *post-trial motions that affected the finality of the judgment.* *Paxton* did not involve an order on a bill of costs that had no affect on the finality of the judgment. Unlike the situation in *Paxton,* where the judgment became final and appealable at the time the post-trial motions were deemed denied and the district court lost jurisdiction to decide them, the judgment in Ms. Andersen's case was final on the date it was entered, no post-trial motions were filed to delay its finality and, pursuant to the express language of W.R.C.P. 58(c), the district court retained jurisdiction to decide the bill of costs. Our holding in *Paxton* was limited to the question before us—whether the notice of appeal was timely when it was filed 30 days after entry of the order denying the post-trial motions, rather than 30 days after the post-trial motions were deemed denied as provided in

W.R.A.P. 2.02(b).[1] We are not willing to extend *Paxton* to hold that a district court, by failing to decide a bill of costs within 90 days of its filing, loses jurisdiction to award costs to a prevailing party who has obtained a final judgment.

[¶ 19]   Affirmed.

---

**1.**   See also *Hodges v. Lewis & Lewis, Inc.,* 2005 WY 134, 121 P.3d 138 (Wyo.2005).