2008 WY 46

**STEWART TITLE GUARANTY COMPANY, a Texas corporation, Appellant (Defendant),**

v.

**Samuel J. TILDEN, Appellee (Plaintiff).**

No. S–07–0208.

Supreme Court of Wyoming.

April 16, 2008.

Representing Appellant: Andrea L. Richard and Erika M. Nash of The Richard Law Firm, P.C., Jackson, Wyoming. Argument by Ms. Richard.

Representing Appellee: Jessica Rutzick of Jessica Rutzick Attorney at Law, P.C., Jackson, Wyoming; and John R. Vincent of Vincent Law Office, Riverton, Wyoming. Argument by Ms. Rutzick.

Before VOIGT, C.J.; HILL, KITE, and BURKE, JJ; and PERRY, D.J.

VOIGT, Chief Justice.

[¶ 1]   On its third trip to this Court in this same case, Stewart Title Guaranty Company (Stewart Title) appeals the district court's award of statutory attorney's fees and interest to Samuel J. Tilden (Tilden). The underlying claim, based upon a land title defect, has ventured through arbitration, the United States District Court for the District of Wyoming, and the Fifth Judicial District Court of the State of Wyoming. We affirm.

**1.**  Wyo. Stat. Ann. § 26–15–124(c) provides as follows:

## ISSUES

[¶ 2]   1.   Whether the district court erred as a matter of law in concluding that the filing deadline of W.R.C.P. 54(d)(2) did not apply to Tilden's application for attorney's fees under Wyo. Stat. Ann. § 26–15–124(c)?

2.   Whether the district court erred as a matter of law in concluding that the doctrine of *res judicata* does not bar an award of attorney's fees to Tilden?

3.   Whether the district court erred as a matter of law in including in the award of attorney's fees contingent fees that have not been paid?

4.   Whether the district court erred as a matter of law in including in the award of attorney's fees amounts billed in violation of Wyo. R. Prof. Conduct 8.4(g)?

5.   Whether the district court erred as a matter of law in including in the award of attorney's fees prejudgment interest on those fees?

## FACTS

[¶ 3]   The essential facts of this dispute have been detailed in our previous opinions and will not be repeated here. In *Stewart Title Guaranty Company v. Tilden,* 2003 WY 31, ¶ 9, 64 P.3d 739, 742 (Wyo.2003) (*Stewart Title I* ), we held that the doctrine of mootness prohibits a district court from entering a judgment confirming an arbitration award when that award has already been satisfied. In *Stewart Title Guaranty Company v. Tilden,* 2005 WY 53, ¶¶ 7, 20, 21, 27, 110 P.3d 865, 870, 873, 874 (Wyo.2005) (*Stewart Title II* ), we converted the appeal of a non-appealable interlocutory partial summary judgment order to a petition for writ of review, and then held in pertinent part that (1) Wyo. Stat. Ann. § 26–15–124(c) (LexisNexis 2007) created a private right of action in Tilden against Stewart Title under these circumstances; and (2) partial summary judgment against Stewart Title on the issue of its unreasonable refusal to pay damages or cure Tilden's claim was appropriate because that determination had already been made by the arbitrator.[1]  The case was remanded to the

(c) In any actions or proceedings commenced against any insurance company on any insurance policy or certificate of any type or

district court for determination of the amount of statutory attorney's fees. The present case, *Stewart Title III,* arises out of that remand.

## DISCUSSION

***Whether the district court erred as a matter of law in concluding that the filing deadline of W.R.C.P. 54(d)(2) did not apply to Tilden's application for attorney's fees under Wyo. Stat. Ann. § 26–15–124(c)?***

[¶4] On April 5, 2004, the district court entered its Order Granting [Tilden's] Motion for Summary Judgment. That Order directed that Tilden "shall submit an application for attorney's fees under Wyo. Stat. Ann. § 26–15–124(c) and serve the same upon [Stewart Title]." On April 19, 2004, Tilden's attorney sent the application to the district court via overnight express mail. It was received the following morning by the district judge's administrative assistant, who apparently placed it upon the judge's desk instead of filing it. Upon inquiry by Tilden's attorney on April 29, 2004, the application was located and filed.

[¶5] On April 30, 2004, Stewart Title filed a Motion to Strike Plaintiff's Application for Attorney's Fees as Untimely. It appears that this motion was not heard at that time because of Stewart Title's nearly concurrent appeal from the summary judgment order. After the opinion in *Stewart Title II* was published, Stewart Title renewed the motion to strike. The motion was heard on March 8, 2007, as part of the hearing on the substantive issues. The motion was decided in favor of Tilden in the district court's decision letter filed April 26, 2007, and judgment filed June 11, 2007. The present appeal followed.

[¶6] Stewart Title contends that Tilden's attorney fee application was untimely under W.R.C.P. 54(d)(2)(A) and (B), which provide as follows:

kind of insurance, or in any case where an insurer is obligated by a liability insurance policy to defend any suit or claim or pay any judgment on behalf of a named insured, if it is determined that the company refuses to pay the full amount of a loss covered by the policy

(A) When allowed by law, claims for attorney's fees and related nontaxable expenses shall be made by motion unless the substantive law governing the action provides for the recovery of such fees as an element of damages to be proven at trial.

(B) Unless otherwise provided by statute or order of the court, the motion must be filed and served no later than 14 days after entry of judgment; must specify the judgment and the statute, rule, or other grounds entitling the moving party to the award; and must state the amount or provide a fair estimate of the amount sought. If directed by the court, the motion shall also disclose the terms of any agreement with respect to fees to be paid for the services for which claim is made.

[¶7] The district court ruled that, because attorney's fees are an element of damages to be proven at trial under Wyo. Stat. Ann. § 26–15–124(c), Subsection (A), rather than Subsection (B), of W.R.C.P. 54(d)(2) applies in this case, meaning that there was no 14–day filing deadline that Tilden missed. That determination, which involves the construction of a court rule, is a question of law that we review *de novo. Andersen v. Hernandez,* 2005 WY 142, ¶7, 122 P.3d 950, 951 (Wyo.2005).

[¶8] We have little to add in affirming the rationale and conclusion of the district court. The unambiguous language of W.R.C.P. 54(d)(2) does not place a 14–day filing deadline upon an application for fees in a case where the cause of action is for attorney's fees under Wyo. Stat. Ann. § 26–15–124(c). The court rule clearly contemplates the filing of a motion for attorney's fees in situations where judgment has been rendered on a separate substantive cause of action, with attorney's fees being awarded as an adjunct to that judgment. In the instant case, the only reason any additional filing was required was that a partial summary judgment had been granted, resolving the fact that statutory attorney's fees were due,

and that the refusal is unreasonable or without cause, any court in which judgment is rendered for a claimant may also award a reasonable sum as an attorney's fee and interest at ten percent (10%) per year.

but not establishing the amount thereof. In short, there is no reason to require the filing of a motion for attorney's fees under Wyo. Stat. Ann. § 26–15–124(c).

### Whether the district court erred as a matter of law in concluding that the doctrine of res judicata does not bar an award of attorney's fees to Tilden?

[¶ 9] Stewart Title contends that Tilden's present claim is barred by the doctrine of *res judicata,* based upon the following language contained in the arbitrator's Interim Order:

2. Mr. Tilden's claim for attorneys fees is denied. As stated at the August 1, 2000 hearing, an award of attorneys fees is outside the scope of the arbitrator's powers under paragraph 14 of the policy and rule 42 of the Title Insurance Arbitration Rules. These provisions, construed together, provide that the arbitrator may award attorneys fees only if the laws of the state where the property is located permit a court to award attorneys fees to a prevailing party. Wyoming law does not permit such an award, either in court proceedings or in an arbitration. Wyo. Stat. § 26–15–124 is not a "prevailing party" type of fee shifting statute, since it permits an award of fees to only one party, the insured.

[¶ 10] "Res judicata bars the relitigation of previously litigated **claims** or **causes of action.**" *Wilson v. Lucerne Canal Power Co.,* 2007 WY 10, ¶ 22, 150 P.3d 653, 662 (Wyo.2007) (quoting *Eklund v. PRI Envtl., Inc.,* 2001 WY 55, ¶ 15, 25 P.3d 511, 517 (Wyo.2001)) (emphasis in original). Application of the doctrine of *res judicata* is a question of law that we review *de novo. Wilson,* 2007 WY 10, ¶ 23, 150 P.3d at 662.

[¶ 11] Stewart Title argues that the language quoted from the Interim Order effectively denied Tilden's claim for attorney's fees. The district court disagreed, finding instead that the arbitrator denied the attorney's fees claim on the ground that he had no authority to decide it. Specifically, the arbitrator held that an award of attorney's fees was outside the scope of his powers, both under the title insurance policy and under the insurance arbitration rules governing the proceedings. The key to the arbitrator's holding was that an insurance arbitrator may consider attorney's fees under a state statute that allows recovery of such fees by the prevailing party, but not under a statute such as Wyo. Stat. Ann. § 26–15–124, which creates a right of recovery in only one party, the insured.

[¶ 12] The language and intent of the Interim Order could hardly be more clear. The arbitrator did not address and decide Tilden's claim for statutory attorney's fees, and therefore, the issue is not now barred by the doctrine of *res judicata.* Had there been any residual doubt about that intent, the Final Award of Arbitrator again rejected Tilden's attempt to have the arbitrator address the attorney's fees claim. The arbitrator concluded that no Wyoming precedent existed similar to the case relied upon by Tilden, *Hedgecock v. Stewart Title Guaranty Company,* 676 P.2d 1208, 1210–11 (Colo.Ct.App. 1983), wherein the court, seemingly as a matter of policy, held that an insurer who "guessed wrong" as to its duty to defend an insured, should be liable for the insured's attorney's fees in the resultant declaratory judgment action.[2]

[¶ 13] The doctrine of *res judicata* bars the relitigation of claims that were litigated or could have been litigated in another proceeding. *Cermak v. Great West Cas. Co.,* 2 P.3d 1047, 1054 (Wyo.2000). Its purpose is to avoid piecemeal litigation. *Martinez v. State,* 2007 WY 164, ¶ 18, 169 P.3d 89, 93 (Wyo.2007). That purpose is hardly fulfilled by giving a litigant *no* opportunity to present a claim. We affirm the district court's conclusion that Tilden's statutory attorney's fees claim was not litigated in the arbitration, and that the doctrine of *res judicata* did not bar its litigation in the instant proceeding.

---

2. The arbitrator and the district court were correct in not applying the logic of *Hedgecock* to this case. Even Colorado has abandoned *Hedgecock's* allowance of attorney's fees in this setting, where those fees are based upon equitable policies, rather than the insurance contract. *See Cont'l W. Ins. Co. v. Heritage Estates Mut. Hous. Ass'n,* 77 P.3d 911, 915 (Colo.Ct.App.2003).

*Whether the district court erred as a matter of law in including in the award of attorney's fees contingent fees that have not been paid?*

[¶ 14] It is nearly impossible to make sense of, or even to identify, Stewart Title's grievance in regard to this issue. From the wording of the issue, one might suspect that Stewart Title contends that attorney's fees cannot be recovered under Wyo. Stat. Ann. § 26–15–124(c) if they are based upon a contingent fee agreement. Yet, in its brief, Stewart Title does not even mention the existence or effect of contingent fees. Instead, Stewart Title cites *Schaub v. Wilson*, 969 P.2d 552, 561 (Wyo.1998), for the proposition that, to be a "prevailing party" under Wyo. Stat. Ann. § 1–14–126(b) (LexisNexis 2007) and W.R.C.P. 54(d), one must improve his or her position in the litigation.[3] Stewart Title then argues that fees should be reduced to account for "limited success achieved in the litigation."

■ [¶ 15] Aside from the fact that this argument has nothing to do with contingent fees, neither does it have anything to do with the cause of action for statutory attorney's fees under Wyo. Stat. Ann. § 26–15–124(c). Perhaps we should not say that it has *nothing* to do with that statute because, whether ordered as fees and costs under Wyo. Stat. Ann. § 1–14–126(b) and W.R.C.P. 54(d), or ordered as statutory attorney's fees under Wyo. Stat. Ann. § 26–15–124(c), attorney's fees must be proven to be reasonable. *Murphy v. Holman*, 945 P.2d 1193, 1196 (Wyo.

1997); *State Farm Mut. Auto. Ins. Co. v. Shrader*, 882 P.2d 813, 835 (Wyo.1994). In either case, the results obtained should be considered by the court in granting or denying fees.

[¶ 16] We could simply affirm the district court on this issue for lack of cogent argument or citation to pertinent authority in Stewart Title's brief. In the interest of thoroughness, however, we perused the record to be sure we were not "missing the point." This is what we found: On March 2, 2007, Tilden filed a supplemental application for attorney's fees. Detailed billing statements from each attorney who represented him throughout the arbitration and court proceedings, plus a computation of interest on the amounts billed, were attached to the application as exhibits. The total amount of attorney's fees and costs billed was $174,419.72, with interest thereon calculated at $80,417.49, for a total of $254,837.21. Although he gave no specifics in regard to amounts, Tilden testified at the hearing that he did have a contingent fee agreement with one of his attorneys, who had yet to be paid any fees, and that after the spring of 2001, all three of his attorneys had billed him on a contingent basis.[4]

■ [¶ 17] Whether or not attorney's fees are "fixed" or "contingent" is one factor a district court is to consider in determining the reasonableness of attorney's fees under the federal "lodestar" test that we have adopted. *Burd v. State ex rel. Wyo. Workers' Safety & Comp. Div.*, 2004 WY 108, ¶ 25,

---

3. W.R.C.P. 54(d) is quoted in part above. *See supra* ¶ 6. Wyo. Stat. Ann. § 1–14–126(b) provides as follows:

    . . . .

    (b) In civil actions for which an award of attorney's fees is authorized, the court in its discretion may award reasonable attorney's fees to the prevailing party without requiring expert testimony. In exercising its discretion the court may consider the following factors:
    (i) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
    (ii) The likelihood that the acceptance of the particular employment precluded other employment by the lawyer;
    (iii) The fee customarily charged in the locality for similar legal services;

(iv) The amount involved and the results obtained;
(v) The time limitations imposed by the client or by the circumstances;
(vi) The nature and length of the professional relationship with the client;
(vii) The experience, reputation and ability of the lawyer or lawyers performing the services; and
(viii) Whether the fee is fixed or contingent.

4. While this arrangement is not explained in the briefs, we assume from the record and from the district court's decision that, rather than a standard percentage contingency fee, these attorneys were to be paid for all of their billed hours upon success in the litigation, or to be paid nothing upon failure.

97 P.3d 802, 808–09 (Wyo.2004); *Shrader*, 882 P.2d at 835. It is notable that, in its decision letter in the instant case, the district court listed and considered the required lodestar factors, including the contingent nature of some of the fees. No error, of law or otherwise, was committed.[5]

***Whether the district court erred as a matter of law in including in the award of attorney's fees amounts billed in violation of Wyo. R. Prof. Conduct 8.4(g)?***

■ [¶ 18] Wyo. R. Prof. Conduct 8.4 provides in pertinent part as follows:

It is professional misconduct for a lawyer to:

. . . .

(g) knowingly employ or continue to employ or contract with any person in the practice of law who has been disbarred or is under suspension from the practice of law by any jurisdiction, or is on disability inactive status by any jurisdiction. The prohibition of this rule extends to the employment of or contracting for the services of such disbarred or suspended person in any position or capacity (including but not limited to as an employee, independent contractor, paralegal, secretary, investigator or consultant) which is directly or indirectly related to the practice of law as defined by Rule 11(a) of the Rules of the Supreme Court of Wyoming Providing for the Organization and Government of the Bar Association and Attorneys at Law of the State of Wyoming, whether or not compensation is paid.

[¶ 19] Stewart Title contends that one of Tilden's lawyers violated this rule by hiring and charging Tilden for the services of a certain paralegal. We will not further consider this issue, and will summarily affirm the district court's rejection of Stewart Title's objection to inclusion in the attorney's fees award of amounts paid to the paralegal.

We do so for several reasons. First, in *Cline v. Rocky Mountain, Inc.*, 998 P.2d 946, 951 (Wyo.2000), a case involving the same attorney and the same paralegal, we declined to deduct from an attorney's fees award amounts paid to the paralegal, determining that the status of the paralegal was more properly a matter for the Wyoming State Bar and that "[t]he issue concerning the correct interpretation of the disciplinary rule is not before this Court." Second, if we were to consider the issue on its merits, we would note that the only evidence in the record is the testimony of the attorney employing the paralegal that the paralegal has neither been disbarred nor suspended from the practice of law in another jurisdiction. Third, the appellant, in failing to file the designation of record required by W.R.A.P. 3.05(b), also failed to include in the record the paralegal's California State Bar records, which were introduced into evidence at the district court hearing, leaving us only to assume that nothing in those records should have led the district court to make a different determination. *Smith v. Smith*, 2003 WY 87, ¶ 15, 72 P.3d 1158, 1162 (Wyo.2003) (absence of record to refute district court's findings left this Court with no choice but to sustain them); *Orcutt v. Shober Invs., Inc.*, 2003 WY 60, ¶ 10, 69 P.3d 386, 389 (Wyo.2003) (trial court decisions assumed to be in accord with law when no record designated to show otherwise).

***Whether the district court erred as a matter of law in including in the award of attorney's fees prejudgment interest on those fees?***

■ [¶ 20] The district court awarded Tilden $174,419.72 for attorney's fees and costs, plus $65,987.36 for prejudgment interest thereon, for a total judgment of $240,407.08. Stewart Title appeals the award of interest on two grounds. First, Stewart Title contends that the arbitrator denied Tilden's request for attorney's fees

**5.** We state our conclusion in this fashion because the parties have not given us clear guidance on what they believe should be the standard of review on this issue. Given that this hearing was, in effect, a bench trial upon a statutory cause of action, rather than a hearing upon a motion for fees and costs, we are not convinced that our review is simply for an abuse of discretion. Instead, review of the district court's factual findings is under a clearly erroneous standard, and its conclusions of law under a *de novo* standard.

and Tilden did not appeal from that ruling. Second, Stewart Title argues that prejudgment interest is only recoverable upon liquidated claims, and that the amount of Tilden's claim for attorney's fees was not capable of determination until judgment was entered.

[¶ 21] Stewart Title's brief addresses standards of review in a separate section, rather than in relation to each issue, so it is difficult to determine whether Stewart Title believes this issue should be reviewed *de novo* or for an abuse of discretion. Tilden cites two federal cases for the rule that the award of prejudgment interest is discretionary, with that discretion to be informed, in part, by the court's assessment of "the equities." *See Praseuth v. Rubbermaid, Inc.,* 406 F.3d 1245, 1260 (10th Cir.2005) (citing *Anixter v. Home–Stake Prod. Co.,* 977 F.2d 1549, 1554 (10th Cir.1992)). It is our conclusion that the question of whether a judge is entitled to award prejudgment interest upon an award of attorney's fees under Wyo. Stat. Ann. § 26–15–124(c) is a question of law that we review *de novo,* while the question of whether interest should be awarded is discretionary, with that determination reviewed for an abuse of discretion.

[¶ 22] We will begin this discussion by quoting the pertinent language of the statute:

[A]ny court in which judgment is rendered for a claimant may also award a reasonable sum as an attorney's fee and interest at ten percent (10%) per year.

Wyo. Stat. Ann. § 26–15–124(c). Use of the word "may" suggests that the award of both attorney's fees and the award of interest are discretionary. *See State ex rel. Dep't of Revenue v. Buggy Bath Unlimited, Inc.,* 2001 WY 27, ¶ 17, 18 P.3d 1182, 1187 (Wyo.2001); *Huff v. State,* 992 P.2d 1071, 1074 (Wyo. 1999); *In Interest of MKM,* 792 P.2d 1369, 1373 (Wyo.1990). That conclusion leads to the further conclusion that the "interest" mentioned in the statute is prejudgment interest, rather than interest on the judgment, because post-judgment interest at 10%, being mandated by law, is not discretionary. Wyo. Stat. Ann. § 1–16–102(a) (LexisNexis 2007); *Salmeri v. Salmeri,* 554 P.2d 1244, 1249 (Wyo.1976).

[¶ 23] These observations, unfortunately, do not fully answer the question before us because Wyo. Stat. Ann. § 26–15–124(c) does not clearly indicate whether such prejudgment interest is available only upon the underlying claim or loss that the insurer refused to pay, or also upon the attorney's fees incurred both in vindicating that claim and in pursuing the attorney's fee claim under the statute. Because the statute is ambiguous, we must determine its intent by applying the standard rules of statutory construction, pertinent portions thereof having recently been set forth in *Hede v. Gilstrap,* 2005 WY 24, ¶ 6, 107 P.3d 158, 162–63 (Wyo. 2005):

"This court interprets statutes by giving effect to the legislature's intent.... We begin by making an inquiry relating to the ordinary and obvious meaning of the words employed according to their arrangement and connection.... We give effect to every word, clause, and sentence and construe together all components of a statute *in pari materia.* ... Statutory interpretation is a question of law.... We review questions of law de novo without affording deference to the district court's decision."

*Worcester v. State,* 2001 WY 82, ¶ 13, 30 P.3d 47, 52 (Wyo.2001). If a statute is clear and unambiguous, we simply give effect to its plain meaning.... Only when we find a statute to be ambiguous do we resort to the general principles of statutory construction.... An ambiguous statute is one whose meaning is uncertain because it is susceptible to more than one interpretation....

"It is a basic rule of statutory construction that courts may try to determine legislative intent by considering the type of statute being interpreted and what the legislature intended by the language used, viewed in light of the objects and purposes to be accomplished.... Furthermore, when we are confronted with two possible but conflicting conclusions, we will choose the one most logically designed to cure the

mischief or inequity that the legislature was attempting to accomplish."

*In re Collicott,* 2001 WY 35, ¶ 9, 20 P.3d 1077, 1080 (Wyo.2001).

▆▆▆ [¶ 24] To reiterate, the specific question is whether the legislature intended to give the district courts discretion to award prejudgment interest upon an award of attorney's fees under Wyo. Stat. Ann. § 26–15–124(c). In gleaning this intent from the words of the statute, we return to what we previously have said as to the policy and purpose behind it:

First, we are in disagreement with State Surety's contention that this is a penal statute which requires narrow construction. The policy behind this statute is not to penalize insurance companies but to encourage claim [settlements] and to chill any tendencies upon the part of insurance companies to unreasonably reject claims. *See, e.g., Heis v. Allstate Insurance Company,* 248 Or. 636, 436 P.2d 550, 553 (1968). It has been held that such statutes are compensatory, not penal in nature. *Hagey v. Massachusetts Bonding & Ins. Co.,* 169 Or. 132, 127 P.2d 346, 347 (1942); *Wolf v. Mutual Benefit Health and Accident Ass'n,* 188 Kan. 694, 366 P.2d 219, 226 (1961). In *Schweigert v. Beneficial Standard Life Insurance Co.,* 204 Or. 294, 282 P.2d 621, 626–627 (1955), it is said that the purpose of such statutes is to "protect an insured who has suffered a loss from annoying and expensive litigation ..." But even a narrow construction of § 26–15–126, supra, would not help State Surety.

*State Sur. Co. v. Lamb Constr. Co.,* 625 P.2d 184, 188 (Wyo.1981). *See also Smith v. Equitable Life Assurance Soc'y,* 614 F.2d 720, 723 (10th Cir.1980) ("These statutes seek to prevent insurance benefits from unjustly being consumed by litigation costs and are designed to make the beneficiary whole").

[¶ 25] Before we address the substantive issue of this award of prejudgment interest, we must first briefly discuss Stewart Title's contention that Tilden waived his interest argument by not appealing the arbitrator's denial of attorney's fees. In large part, this issue was resolved against Stewart Title when we rejected the argument that Tilden's

claim was barred by the doctrine of *res judicata. See supra* ¶ 13. The arbitrator did not decide and deny Tilden's right to attorney's fees under Wyo. Stat. Ann. § 26–15–124(c). To the contrary, the arbitrator declined to decide the attorney's fees issue because he concluded that he lacked the jurisdiction to make such a determination under applicable arbitration rules, and there was no "prevailing party" statute for him to apply. No appeal of those twin decisions would be required before Tilden could pursue this statutory action.

▆▆▆ [¶ 26] Prejudgment interest is an accepted form of relief in Wyoming, where the claim is "liquidated." *ANR Prod. Co. v. Kerr–McGee Corp.,* 893 P.2d 698, 704 (Wyo.1995); *Belle Fourche Pipeline Co. v. Elmore Livestock Co.,* 669 P.2d 505, 515 n. 8 (Wyo.1983); *Goodwin v. Upper Crust of Wyoming, Inc.,* 624 P.2d 1192, 1198 (Wyo.1981). A liquidated claim is "one that is readily computable by basic mathematical calculation." *ANR Prod.,* 893 P.2d at 704 (quoting *Dunn v. Rescon Tech. Corp.,* 884 P.2d 965, 968 (Wyo.1994)).

[¶ 27] While it may be true that the exact judgment amount could not be known in this case until such time as the judgment was rendered, it is not true that the attorney's fees owed at any given time could not be "readily computed by basic mathematical calculation." In fact, precise hourly billing records were available throughout the years of litigation. By simply asking for the amount, Stewart Title could have cut off the accrual of both fees and interest. Furthermore, if no judgment was considered liquidated until such time as it was rendered, there would be no such thing as a liquidated claim, and prejudgment interest could never be imposed.

[¶ 28] We have said that parties are entitled to the use of money owed them, that "the use of money has real economic value," and that "[p]rejudgment interest should have been awarded as an attempt to compensate for that loss." *Goodwin,* 624 P.2d at 1198.

Prejudgment interest is allowed on the theory that an injured party should be fully compensated for his or her loss. It is

the compensation allowed by law as additional damages for lost use of money due as damages during the lapse of time between the accrual of the claim and the date of judgment. It is appropriate when the underlying recovery is compensatory in nature and when the amount at issue is easily ascertainable and one upon which interest can be easily computed.

44B Am.Jur.2d *Interest and Usury* § 39 (2007). The sentiment underlying this general rule has been recognized by this Court, and we cannot see why it would not apply to attorney's fees belatedly obtained via a judgment forced upon a recalcitrant insurer under Wyo. Stat. Ann. § 26–15–124(c). An insured, wronged by the dilatory tactics of an insurer, cannot be made whole if he or she loses more in attorney's fees and interest than he or she obtains in an underlying damage award. We affirm the order of the district court awarding prejudgment interest as part of the final judgment award.

## CONCLUSION

[¶ 29] The filing deadline of W.R.C.P. 54(d)(2) does not apply to an application for fees under Wyo. Stat. Ann. § 26–15–124(c). The present action was not barred by the doctrine of *res judicata* because it was not raised, and could not be raised, in the arbitration. The district court did not err by including in the final judgment attorney's fees that might have been contingent, or attorney's fees paid to a certain paralegal, or prejudgment interest on the fees awarded in the judgment. We affirm.